IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANN MCMANAWAY, on behalf of herself and others similarly situated, : : | |
| Plaintiff, : : | Case No. 2:23-cv-01405 |
| v. : : | Chief Judge Algenon L. Marbley |
| SELECT ENERGY SERVICES, LLC, : : | Magistrate Judge Chelsey M. Vascura |
| Defendant. : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter comes before this Court on the Parties' Joint Motion for Court Approval of Fair Labor Standards Act ("FLSA") Settlement Agreement. (ECF No. 16). The terms of the Settlement Agreement are fair, reasonable, and adequate. Therefore, the Court **GRANTS** the Motion for Final Settlement Approval. (*Id.*)

**II. BACKGROUND**

This case stems from a dispute over alleged unpaid wages in violation of the FLSA. (ECF No. 16 at 1). Defendant, which is in the business of providing various solutions to oilfield operators, employed Plaintiff as an hourly, non-exempt employee. (*Id.*). Plaintiff alleges various, related wage law violations: that she was required to work in excess of her scheduled work hours; that Defendant would cap the number of hours it would agree to pay Plaintiff; that, on numerous occasions, Plaintiff was required to under-report her work hours; and that, as a result, Plaintiff was repeatedly not paid for overtime worked. (*Id.*). Defendant denies liability as to all Plaintiff's claims against it. (*Id.*). Nonetheless, following discovery and settlement negotiations, the Parties agreed to settle Plaintiff's claims for $9000, $5598 of which will be paid to Plaintiff in two equal

1

checks—one as a payment for wages and the other as a payment for liquidated damages. (*Id.* at 4-5). The $5598 that Plaintiff will receive is equivalent to 175 hours of overtime at Plaintiff's final rate of pay. (*Id.* at 5). The remainder will compensate Plaintiff's attorneys for their fees and litigation expenses. (*Id.*).

### III.  LAW & ANALYSIS

As a general rule, "[t]he FLSA's provisions are mandatory and, except as otherwise provided by statute, are generally not subject to being waived, bargained, or modified by contract or by settlement." *Kritzer v. Safelite Solutions, LLC*, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012). One exception is when a court reviews and approves a settlement agreement in a private action for back wages under 29 U.S.C. § 216(b). *Id.*

#### A.    The Settlement is a fair resolution of a bona fide dispute.

Before approving the settlement, the Court must ensure there is a bona fide dispute between the parties and that the settlement is a product of arms-length negotiation that was fair, reasonable, and adequate. See id. at *5-6. The requirement that there be a bona fide dispute between the parties stems from the need to ensure the parties are not negotiating around the FLSA's requirements concerning wages and overtime. *Id*. at *5.

At the heart of this case is whether Plaintiff was accurately compensated for the time she worked. (ECF No. 16 at 1). Specifically, as discussed above, Plaintiff alleges that Defendant frequently required her to work in excess of her "scheduled" hours, while also refusing to pay her overtime for the hours she worked in excess of 40 hours each workweek. (*Id*.). The Parties represent that a good-faith investigation took place and that experienced counsel engaged in an arms-length negotiation process, which lasted a month and half. (ECF No. 16 at 7). Settlement negotiations that are "conducted at arm's length by adversarial parties and experienced counsel"

are "indicative of fairness, reasonableness, and adequacy." *Dallas v. Alcatel-Lucent USA, Inc.*, 2013 WL 2197624, *9 (E.D. Mich. May 20, 2013). Accordingly, the Settlement Agreement is not an attempt to negotiate around the FLSA's mandatory requirements of compensating employees for unpaid wages. Moreover, settlement will permit prompt and efficient relief to Plaintiff, while minimizing risks to both parties.

### B. Plaintiff's counsel's fees are proper and reasonable.

The Sixth Circuit has held that an award of attorneys' fees must be reasonable, meaning it must be "one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). There are two methods for determining whether proposed attorney's fees are appropriate: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). When using the percentage-of-the-fund method, Courts in this Circuit generally approve of awards that are one-third of the total settlement. *See, e.g.*, *Rotuna v. W. Customer Mgt. Group, LLC*, 4:09CV1608, 2010 WL 2490989, at *8 (N.D. Ohio June 15, 2010) (approving of attorney's fees in the amount of 1/3 of the settlement fund). The lodestar figure represents the number of hours spent multiplied by reasonable rates. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). It is in the court's discretion to choose which method it deems best for the circumstances of a particular case, so long as it explains its reasoning. *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009).

Given that Plaintiff's Counsel accepted this case on a contingent fee basis, and assumed the concomitant risk, this Court finds the percentage-of-the-fund method to be most appropriate. Here, Plaintiff's Counsel accepted the case for a thirty percent contingency fee. (ECF No. 16 at 5). Under the Settlement Agreement, Counsel will receive one-third of the total settlement (i.e.,

3

$3,000 out of the $9,000) (*id.*), which courts in the Sixth Circuit generally consider reasonable. *See Carr v. Bob Evans Farms, Inc.*, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018) ("In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund."). Plaintiff's Counsel will also receive $402.00 in litigation expenses, to reimburse Counsel for its expenditure on the filing fee in this case. This Court finds Plaintiff's attorney's fees and awards to be proper and reasonable.

## IV. CONCLUSION

For the reasons set forth above, this Court **GRANTS** the Motion for Final Settlement Approval. (ECF No. 16). This Court **APPROVES** the Settlement Agreement; an award of $3,402.00 in attorney's fees and expenses to Plaintiff's Counsel; and the individual settlement payments to Plaintiff. *Id*. Accordingly, this lawsuit is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 7, 2024**